UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,               Case No. 17-cr-20822
                                              Honorable Linda V. Parker

v.

MATTHEW GREEN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS (ECF NO. 26)

On December 6, 2017, Defendant Matthew Green ("Defendant") was indicted with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (B)(1)(B)(I). (ECF No. 1.) This matter is before the Court on Defendant's Motion to Suppress, filed July 19, 2018. (ECF No. 26.) The motion has been fully briefed.

**I.    Background**

On October 30, 2017, a state judge of the 67th District Court in Genesse Country, Michigan issued a search warrant on the property located at 3701 Larchmont Street, Flint, Michigan. (ECF No. 26 at Pg ID 60.) The affiant stated that he had five and a half years of experience in law enforcement and two years of

experience in controlled substance investigations. (ECF No. 26-2 at Pg ID 75.) The affiant believed the property located at 3701 Larchmont Street contained drug paraphernalia and firearms based on his personal knowledge and the personal knowledge of a confidential informant, whom he had known for three months. (*Id.* at Pg ID 76.) Because the informant provided previously reliable and accurate information to other law enforcement officers, the affiant believed the informant to be credible. (*Id.*) Most importantly, the informant successfully completed a controlled buy at the residence and had done the same at different locations without incident. (*Id.*) Specifically, within the last thirty-six hours, the informant met with the affiant at a pre-arranged location. (*Id.*) At the location, the affiant searched both the informant and the informant's vehicle for contraband. (*Id.*) Following the search, the affiant provided the informant with pre-recorded currency and he/she proceeded to the 3701 Larchmont Street. (*Id.*)

The affiant observed the informant at the front entrance of the property, and his colleague observed the informant entering the residence. (*Id.*) After a short period, the informant exited the residence and was surveilled until arriving at the pre-arranged location to meet with the affiant. (*Id.*) The informant handed the affiant a clear plastic baggie containing a substance suspected to be heroin. (*Id.*) Relying on his experience and based on the color and texture, the affiant believed the substance to be heroin. (*Id.* at Pg ID 77.) However, the substance was not field

2

tested pursuant to a Michigan State Police directive that indicated that powder narcotics could not be safely field tested. (*Id.*) The informant stated that the substance was purchased from a "black male" inside the premises. (*Id.*) On October 30, 2017, the Flint Township Police executed a search warrant at 3701 Larchmont Street in Flint, Michigan.

## II.   Applicable Law & Analysis

Generally, the Fourth Amendment of the United States Constitution requires officers to obtain a warrant prior to conducting a search. *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007). "A warrant will be upheld if the affidavit provides a 'substantial basis' for the issuing magistrate to believe 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id*. at 652 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In other words, "the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must be a 'nexus between the place to be searched and the evidence sought.'" *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). "To meet the nexus requirement, '[t]he connection between the residence and the evidence of criminal activity must be specific and concrete, not 'vague' or 'generalized.'" *United States v. Fritts*, No. 16-20554, 2016 WL 7178739 at *3 (E.D. Mich. Dec. 9, 2016) (quoting *United States v. Brown*, 828 F.3d 35, 382 (6th Cir. 2016).

A reviewing court must afford great deference to a magistrate judge's probable cause determination. *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (*en banc*); *United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993). The probable cause standard is a "practical, non-technical conception" guided by the "factual and practical considerations of everyday life." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (quoting *Gates*, 462 U.S. at 231). "Courts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner." *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001) (citations omitted). "[R]eview of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *Id*. The court's review, however, is limited to the four corners of the affidavit. *Frazier*, 423 F.3d at 531. As such, a magistrate judge's decision to grant a search warrant should be reversed only if it was arbitrarily exercised. *Allen*, 211 F.3d at 973; *Finch*, 998 F.2d at 352.

The Supreme Court has held that evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective generally does not need to be suppressed. *Frazier*, 423 F.3d at 533 (citing *United States v. Leon*, 468 U.S. 897, 905 (1984)). The relevant inquiry is an objective one, asking "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id*. (citing *Leon*, 468 U.S. at 922-

4

23, n.23.) This "good faith" exception is not applicable where: 1) the issuing magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; 2) the issuing magistrate wholly abandoned his or her judicial role; 3) the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable[]"; or 4) the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *Leon*, 468 U.S. at 923 (citations omitted).

This motion turns on whether the search warrant was supported by probable cause or, alternatively, whether the officers reasonably relied on the warrant's validity. Defendant contends that the search warrant was obtained without probable cause because it relies on a confidential informant, who the officer had known only for three months. (ECF No. 26 at Pg ID 61.) According to Defendant, the affidavit is based on a single purchase made within the last thirty-six hours, where the informant is seen entering the premises, staying for a short period, and leaving. (*Id.*) Later, the informant gives the officer a substance believed to be heroin. However, Defendant argues that the substance was never "field tested or analyzed in a laboratory." (*Id.*) Furthermore, Defendant contends that the informant stated he purchased the substance from an unidentified male inside the premises. (*Id.* at Pg ID 62.) Finally, Defendant argues that there was no basis for

the officer to believe drugs would be found at the location because the informant did not see any other narcotics or evidence of drug trafficking, and therefore, the allegations in the affidavit created no more than mere suspicion. (*Id.*)

The Court considers the following when relying on an informant's tip for probable cause: "(1) the reliability of the informant; (2) the basis of the informant's knowledge; and (3) any police corroboration of the informant's tip." *United States v. Tillman*, 404 F. App'x 949, 951 (6th Cir. 2010); *see also United States v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006) ("[A] court must consider the veracity, reliability, and the basis of knowledge" when considering information from a confidential informant.). Firsthand knowledge "entitles [the] tip to greater weight than might otherwise be the case." *Tillman*, 404 F. App'x at 952; *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (holding that firsthand observations are entitled to a presumption of reliability and veracity).

"While independent corroboration of a confidential informant's story is not a *sin qua non* to a finding of probable cause, . . . in the absence of any indicia of the informant[s'] reliability, courts insist that the affidavit contain substantial independent police corroboration." *Coffee*, 434 F.3d at 893.

> Under *Allen*, while an affidavit must state facts supporting an independent judicial determination that the information is reliable, those facts need not take any particular form . . . [T]he affiant could attest "with some detail" that the informant provided reliable information in the past. Or there could be other indicia of the informant's reliability,

6

> such as a detailed description of what the informant observed first-hand, or the willingness of the informant to reveal his or her name. As long as the issuing judge can conclude independently that the information is reliable, an affidavit based on the informant's tip will support a finding of probable cause.

*Id.* (internal citations omitted).

In *United States v. Brown*, the Sixth Circuit stated *Allen* "does not invariably require an affiant to provide corroboration for a confidential informant's statements contained in an affidavit supporting a search-warrant application." 732 F.3d 569, 574 (6th Cir. 2013) (citing *Allen*, 211 F.3d at 976). Specifically, the Court stated:

> In *Allen*, we held that, if a confidential informant—personally known by the affiant to be reliable—alleged direct, personal observation of criminal activity, then the affiant would not have to include in the affidavit further corroboration of the informant's allegations. *Allen*, 211 F.3d at 976. We reasoned that a requirement that the police further corroborate such information from a confidential informant would aid lawbreakers, "as detectives tried to conduct surveillance in crack-ridden neighborhoods without themselves being detected and their suspects alerted." *Id*. Moreover, we added, "the additional time thus added to the process by mandating an independent police investigation, following a [confidential informant's] contact would provide a further advantage to drug dealers' already highly mobile, hit-and-run operations." *Id*. We declined "to handicap the state in that way." *Id*.

*Brown*, 732 F.3d at 574.

The affidavit at issue states, in relevant part:

> [Y]our affiant has personally known XX for approximately 3 months and based on past work with other law enforcement officers your affiant believes XX is credible and reliable for the reason that XX has successfully completed one prior purchase of a controlled substance from the residence [at issue]. In addition, XX has completed multiple other controlled purchases of controlled substances from various different locations and has never given your affiant any false or misleading information.

(ECF. No. 26-2 at Pg ID 76.)

The affidavit also states:

> That XX was observed approach[ing] the front entrance door of 3701 Larchmont Street and disappear[ed] from sight upon knocking and entering that door to the interior of said residence as seen by your affiant's fellow officer, []. XX was inside the residence for a short period of time and upon exiting from the residence was again kept under constant surveillance until your affiant met XX at a pre-arranged location, and he/she handed directly to your affiant a clear plastic baggie containing a brown chunky substance which your affiant suspect is heroin.

(*Id.*)

The Court finds the affidavit provides a basis to conclude: (1) the confidential informant was known to the affiant; (2) the informant provided reliable information in the past; and (3) the informant personally observed criminal activity in the residence at issue. This is sufficient to demonstrate the informant's reliability, knowledge and veracity. Furthermore, the Sixth Circuit held that "a single controlled purchase is sufficient to establish probable cause to believe that

8

drugs are present at the purchase location." *United States v. Archiblad*, 685 F.3d 553, 558 (6th Cir. 2012) (citation omitted). Given the experience and corroboration of the affiant, the Court is not persuaded that probable cause did not exist because the substance purchased was not tested. Thus, the Court finds that the affidavit provided a sufficient basis for probable cause. Given the Court's finding, whether the exclusionary rule should bar the admission of the evidence under the good-faith exception need not be addressed. Therefore, the Court finds the warrant to be based on probable cause and will deny Defendant's motion to suppress.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress (ECF No. 26) is **DENIED.**

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 18, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager