UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                          Case No: 23-cr-20506

          Plaintiff,                 Hon. F. Kay Behm

                                          U.S. District Judge

v.

MATTHEW GREEN,                    Case No: 17-cr-20822

                                          Hon. F. Kay Behm

          Defendant.              U.S. District Judge

_____/

## <u>ORDER DENYING MOTIONS TO REDUCE SENTENCE</u>

In February 2025, Defendant Matthew Green was sentenced to one year in custody for a violation of supervised release in Case No. 17-cr-20822, and to 37 months in Case No. 23-cr-20506 for felon in possession of a firearm and felon in possession of ammunition, to be served consecutively.  This matter is before the court on Green's letters regarding a "sentencing error," which the court construes as motions to alter or reduce his sentence or as notices of appeal.  *See* Case No. 23-cr-20506, ECF No. 68; Case No. 17-cr-20822, ECF No. 120.  The two motions are identical.  In essence, he asserts that the sentences imposed

1

by this court violated his plea agreement, and seeks resentencing to a shorter length of incarceration.  *See* ECF No. 68, PageID.476-77.

The Government argues his letters should be construed as an untimely notice of appeal because his substantive claim is that the court erred (1) by running his two sentences consecutively, (2) by failing to provide "adequate reason" for the sentence, (3) by sentencing him above his guideline range, and (4) by imposing a sentence in violation of the plea agreement.  ECF No. 70, PageID.493 (citing ECF No. 68, PageID.476-77).  The court agrees it may construe the letters in that manner.  And although ordinarily a notice of appeal divests the district court of jurisdiction, "the district court retains jurisdiction over an action when the notice of appeal is untimely[.]"  *Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993); *see also Bowles v. Russell*, 551 U.S. 205, 213 (2007) ("Bowles' failure to file his notice of appeal" within the statutory time "deprived the Court of Appeals of jurisdiction").  These notices of appeal are untimely.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Green was sentenced on February 18, 2025.  Case No. 23-20506, ECF No. 60; Case No. 17-cr-20822, ECF No. 112.  His letters were filed on September 5, 2025.  In the alternative, although Defendant refers to a

2

sentencing error, the letters also do not refer to the kind of "clear error" contemplated by Fed. R. Crim. P. 35(a) (correcting or reducing a sentence for arithmetical, technical, or other clear error).  Defendant's motions would be untimely under that rule as well, were that the more proper manner to construe them.

The motions are each **DENIED** as untimely.

**SO ORDERED**.

Date: March 9, 2026                          s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge